The Honorable Barbara Horn State Representative P.O. Box 64 Foreman, Arkansas 71836-0064
Dear Representative Horn:
This official Attorney General opinion is rendered in response to a question you have raised concerning an ordinance of the City of Wilton that regulates heavy truck traffic on certain city streets. More specifically, Ordinance No. 1992-3 of the City of Wilton states as follows:
 AN ORDINANCE ESTABLISHING EXCLUSIVE TRUCK ROUTES WITHIN THE CITY OF WILTON, ARKANSAS WHEREAS, many streets within the City of Wilton, Arkansas have been subjected to rapid deterioration and destruction caused by heavy truck traffic.
BE IT ORDAINED BY THE CITY COUNCIL, CITY OF WILTON, ARKANSAS:
 SECTION 1: It shall be unlawful for any person, firm or corporation or its agents, officers or employees, to operate any motor truck, truck-tractor with semi-trailer or any full trailer, either of which is of more than 10 ton capacity upon the following streets within the city limits of the City of Wilton:
Talley Street
Mills Street
Cleveland Street
Waco Street
Texarkana Avenue
Pine Street
North Street
 SECTION 2: This Ordinance shall not be construed to prohibit motor vehicles from crossing said streets at their intersection with other streets, nor apply to delivery trucks, garbage collection trucks, municipal or utility trucks serving persons in the immediate area.
 SECTION 3: Apropriate (sic) signs shall be placed in locations giving notice to all motorists that only designated truck routes may be used by the said truck traffic.
 SECTION 4: Anyone violating this Ordinance shall be assessed a fine of not less than $20.00 nor more than $50.00.
 SECTION 5: Emergency Clause. This Ordinance being necessary to protect the pavement upon said streets, and for the immediate preservation of public health, peace and safety of said City, an emergency is hereby declared to exist and this Ordinance shall be in full force and effect from and after its passage, approval and publication.
Passed and approved this 8th day of June, 1992.
With regard to the above-quoted ordinance, you have presented the following questions:
 (1) Is the ordinance enforceable when there is only one public right of way for traffic?
 (2) When one of the described streets is the only public right of way available for traffic may one of the described streets be used for moving timber products?
RESPONSE
Before proceeding to address your specific questions, I must note that the Office of the Attorney General concerns itself primarily with matters of state law, and does not ordinarily construe the language of municipal ordinances. The construction of such ordinances necessarily involves a determination of the intent of the city council, a factor that this office is not well situated to address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the city council that is not apparent from the face of the ordinance. The awareness of such factors is a matter within the local domain, rather than the domain of this office. The construction of the ordinance about which you have inquired therefore must ultimately be handled locally. For this reason, I am unable to opine conclusively as to the proper interpretation of Ordinance No. 1992-3 of the City of Wilton, Arkansas.
Nevertheless, to the extent that you have raised matters that implicate state law, I can respond to your questions.
Question 1 — Is the ordinance enforceable when there is only onepublic right of way for traffic?
Local authorities such as municipal city councils are specifically authorized by various provisions of state law to enact ordinances that regulate the traffic on city streets, including ordinances that limit public rights of way for traffic.
First, A.C.A. § 14-54-103 states in pertinent part:
14-54-103. General powers of cities and towns.
Cities and incorporated towns shall have power to:
* * *
 (6) Regulate the transportation of articles throughout the streets and prevent injury to the streets from overloaded vehicles;
A.C.A. § 14-54-103(6).
Similarly, A.C.A. § 27-35-103, which is from a part of the Arkansas Code dealing with the regulation of motor vehicles, provides:
27-35-103. Scope and effect of regulations.
 (d)(1) Local authorities, with respect to highways under their jurisdiction, by ordinance or resolution, may also prohibit the operation of trucks or other commercial vehicles or may impose limitations as to the weight thereof on designated highways.
A.C.A. § 27-35-103.
Finally, the Uniform Act Regulating Traffic on the Highways of Arkansas (A.C.A. § 27-49-101 et seq.) specifically addresses the powers of local authorities as follows:
27-49-106. Powers of local authorities.
 (b) The provisions of this subtitle shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from:
* * *
 (6) Designating any highway as a through highway and requiring that all vehicles stop before entering or crossing it, or designating any intersection as a stop intersection and requiring all vehicles to stop at one (1) or more entrances to such intersections;
* * *
 (7) Restricting the use of highways as authorized in § 27-35-101—27-35-111;
A.C.A. § 27-49-106(b).
A local ordinance which prohibits certain types of traffic from traveling on designated streets for the purpose of preventing the deterioration of the streets is clearly within the authority granted by the above-quoted state laws. The question of whether the city council has exercised that authority in a manner that is enforceable is a question of fact, which as noted previously, is not within the domain of the Attorney General to determine.
Question 2 — When one of the described streets is the only public rightof way available for traffic may one of the described streets be used formoving timber products?
This question is one that must be determined entirely on the basis of the specific facts of the each situation, and upon the basis of a consideration of whether those facts will activate one of the exceptions stated in the ordinance. Although I cannot construe the language of the ordinance in question, I do note that its language appears to make provision for truck traffic to travel on the designated streets under certain circumstances. Whether the activity of "moving timber products" would constitute one of the circumstances that would fall within the exceptions indicated in the ordinance is a question of fact that I am not authorized to determine.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh